Vilay SIRIPHONE, Plaintiff–Appellant,

v.

ACCEPTANCE INDEMNITY INSUR-
ANCE COMPANY; Does 1 Through
10, Inclusive, Defendants–Appellees.

No. 09–56504.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2011.

Filed Feb. 22, 2011.

Andy Van Le, Law Offices of Andy Van
Le, San Diego, CA, for Plaintiff–Appellant.

Tod Michael Castronovo, Esquire, Shav-
er, Korff & Castronovo, Encino, CA, for
Defendants–Appellees.

Before: HAWKINS and FISHER,
Circuit Judges, and WOLF, Chief District
Judge.*

MEMORANDUM **

Vilay Siriphone argues Acceptance In-
demnity Insurance Company breached the
implied covenant of good faith and fair
dealing and breached its insurance con-
tract in determining the policy benefits
due to Siriphone after his auto repair shop
was burglarized. The district court grant-
ed summary judgment in favor of Accep-
tance on both of Siriphone's claims. We
affirm.

---

* The Honorable Mark L. Wolf, Chief United
States District Judge for the District of Massa-
chusetts, sitting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

1. *Breach of the implied covenant of good faith and fair dealing.* Siriphone contends Acceptance breached the implied covenant by conducting an inadequate investigation of his claim and unreasonably delaying settlement. We conclude, however, that there was no genuine issue of material fact as to whether Acceptance's investigation was reasonable. There is no evidence that any error Acceptance may have made in handling the claim resulted from anything more than " 'honest mistake, bad judgment or negligence.' " *Chateau Chamberay Homeowners Ass'n v. Assoc. Int'l Ins. Co.,* 90 Cal.App.4th 335, 346, 108 Cal.Rptr.2d 776 (Cal.App.2001) (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 222 Cal.App.3d 1371, 272 Cal.Rptr. 387, 399–400 (1990)). Moreover, the delay in settling Siriphone's claim was justified by genuine disputes over the interpretation of the policy, the value of the shop's standing inventory and the value of the tools stolen. *See Guebara v. Allstate Ins. Co.,* 237 F.3d 987, 995–96 (9th Cir.2001). The district court correctly concluded there was no genuine issue of material fact as to Acceptance's bad faith.

2. *Breach of contract.* Siriphone's breach of contract claim is based on the same claims mishandling conduct as his claim for breach of the implied covenant of good faith and fair dealing. The breach of contract claim was therefore properly dismissed for the same reasons the bad faith claim was dismissed. *See Archdale v. Amer. Int'l Specialty Lines Ins. Co.,* 154 Cal.App.4th 449, 64 Cal.Rptr.3d 632, 647 n. 19 (2007).

**AFFIRMED.**